## COOPER GROCERY CO. v. H. T. HAM-RICK & Co.　(No. 6512.)

(Court of Civil Appeals of Texas. San Antonio. March 3, 1921.)

**1. Appeal and error ⊜⇒1054(1)—In action tried to court, admission of evidence, if erroneous, harmless.**

In an action tried to court without a jury, the admission of irrelevant and immaterial evidence not shown to have been harmful is no ground for reversal.

**2. Trial ⊜⇒377(2)—The admission of evidence after partial closing of case discretionary.**

The admission of evidence after the case had been partially closed rests largely in the discretion of the trial court.

**3. Bills and notes ⊜⇒54—Payee cannot avoid provision of note on theory it did not sign same.**

Where a note contained a stipulation that under certain contingencies it should be surrendered to the maker without payment, the payee cannot avoid the provision on the theory that it did not sign the same.

**4. Compromise and settlement ⊜⇒6(1)—Agreement that note should be surrendered without payment on contingency held to import consideration.**

Where a series of notes were given in the settlement of an old obligation for which the makers were liable as sureties, a provision in the last note that in event of payment of the other notes it should be surrendered without payment will be presumed supported by consideration.

**5. Bills and notes ⊜⇒129(1)—Payee held not entitled to enforce last note of series which provided for surrender on payment of other notes.**

In compromise of an obligation for which it was liable as surety, defendant executed a series of 19 notes payable monthly, all of which provided that in event of default plaintiff might declare the entire series due and gave plaintiff the same option if defendant went out of business. The last note provided that, should all of the other notes of the series be paid at maturity, it would be surrendered without payment. For considerable time defendant acquiesced in delays in payment of the notes, and on plaintiff making objection to delay in payment of the ninth note defendant paid all the remaining notes of the series except the last, and sold its business. *Held* that, as plaintiff's acquiescence in delay in payment of previous notes was a waiver of its right to declare the entire series due because of delay in payment of the ninth note, and as defendant, instead of again defaulting, paid all of the notes, plaintiff could not declare the last note due because defendant sold its business; the purpose of that restriction being merely to secure payment.

**6. Bills and notes ⊜⇒129(1)—Payee held to have waived right to declare series of notes due by acquiescence in delay.** ⋅

Where payee of a series of notes payable monthly, which provided that the entire series might be declared due in event of delay in payment of one, acquiesced in delay in payment of several notes, it thus waived its right to declare the next note of the series due, but, if the maker, after objection and attempt to declare succeeding notes due, again defaults, the right revives.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by the Cooper Grocery Company against H. T. Hamrick & Co. From a judgment for defendants, plaintiff appeals. Affirmed.

G. W. Smith, of Waco, for appellant.
Sam R. Scott, of Waco, for appellees.

SMITH, J. H. T. Hamrick and associates, appellees herein, owed the Cooper Grocery Company, appellant, a balance on an old security debt, which, with interest, amounted in June, 1918, to approximately $5,000. The parties to the transaction had a conference for the purpose of adjusting the matter, and a settlement was consummated on June 13, 1918, whereby appellees, in pursuance of an agreement to that end, executed and delivered to appellants 19 promissory notes, the first 18 of which were for small amounts varying from $100 to $250 each, payable monthly in advance on the 1st days of the month, respectively, and the nineteenth note, being for $2,000, payable October 1, 1920. All the notes contained identical general provisions, among which were the following stipulations:

"The sureties, indorsers, and (or) guarantors hereon hereby waive protest, notice, diligence and suit. It is understood and agreed that this note and all other indebtedness shall become at once due and payable at the option of the holder, if any change takes place in the ownership of the business of the maker or if stock of goods be damaged by fire, or if maker become insolvent, or if sued by any creditor, or if default is made in payment of any indebtedness at maturity, and holder is hereby authorized (but not required) to sell all security held by them as to them may seem best, and apply the proceeds to pay off any indebtedness that may be due them."

The $2,000 note contained the following additional stipulation, which was not embraced in the first 18 notes:

"It is hereby agreed that, if H. T. Hamrick & Co. pay us all of their notes that are executed this date payable monthly promptly at maturity, we agree to surrender them this note without a payment."

The first 18 notes were paid in full, but the nineteenth note, for $2,000, was not paid, and this suit was for the collection of that note, the grocery company, as plaintiff, alleging that, because appellees had sold their stock of goods mentioned in the notes, and having failed to pay the first 18 notes

---

promptly at maturity, appellant had elected to declare the $2,000 note due and payable. Besides the makers and indorsers of the note, appellant impleaded the purchasers of appellees' stock of goods, declaring them liable under the bulk sales statute.

Appellees defended upon the grounds, among others set up, that appellant, by its course and method of presenting and collecting the first 8 small notes, waived its option to accelerate the maturity of those remaining unpaid, and that the nineteenth, or $2,000, note was given merely as security for the payment of the 18 small notes, which were in fact paid, thereby rendering the nineteenth note unenforceable.

The cause was tried before the court without a jury, and judgment was rendered in favor of the defendants, from which plaintiff, the Cooper Grocery Company, has appealed. The trial court filed very full findings of fact, from which, in connection with the foregoing preliminary statement, we cull the following, as being material to this appeal:

All the notes were payable at Waco, the domicile of appellant. Appellant, however, instead of requiring payment at Waco, forwarded each of the small notes, about the time it fell due, to a bank at Gorman, where appellees were in business, for presentation to and collection from appellees. The first note, due October 1, 1918, was not paid until October 4, the second, due November 1, was not paid until November 11, the third, due December 1, was not paid until it was 7 days past due, and so on through the ninth note, due June 1, they were not paid until they were from 9 to 28 days past due. Appellant made no complaint, but acquiesced in these delays, so far as the record shows. It was not shown when either of these notes was presented by the bank to appellees for payment, or just what instructions appellant gave the bank concerning the time or manner of presentation, collection, or return. The note due June 1 was not paid until June 27. It was not shown when or with what instructions appellant forwarded to the bank the note due July 1, but it appears that without having ever presented it to appellees for payment the bank returned this note to appellant about July 22 or 23, unpaid, without any explanation therefor. Whereupon, on July 23, appellant wrote appellees advising that it had elected to mature all the notes then unpaid, including the note for $2,000 sued upon; but on July 24, and before the receipt of this letter, appellees called at the bank for the July 1, note, and, finding that it had been returned to appellant, mailed to the latter a check in payment of the amount of this note. Appellant received this check on July 25, and applied it to the payment of the note, which it canceled and mailed to appellees, together with a letter advising appellees that, if they "would read this note, you will see there are two clauses in it that make all

of the series now due," and asking when appellant might expect remittance "on the other notes." Before the maturity of the next note, due August 1, appellees paid off all the remaining notes, except the one for $2,000 herein sued upon, the surrender of which they demanded of appellant. As relating to the action of appellant in accelerating the maturity of the notes, it was shown, and the court found:

That in the latter part of June appellees Hamrick sold their business at Gorman to J. H. Garner and C. E. Alvis, to whom possession was delivered about July 10, and that "shortly previous to July 23" appellees advised the salesman of appellant of the intended sale, and later of the sale, and the court found that appellant, on July 23, elected to mature the notes then unpaid "because the note due July 1 had been returned by the bank unpaid, had not been paid at maturity, and the further fact that at that time the Cooper Grocery Company had learned that H. T. Hamrick & Co. (one of appellees who made the notes) had sold their business to the defendants herein, Garner & Alvis."

And the court then proceeded with this finding:

"I find that the Cooper Grocery Company agreed and would have accepted $3,000 in settlement of the indebtedness of $5,000 in its favor owing by the corporation of Hamrick Bros., for which H. T. Hamrick and J. W. Hamrick had become liable as guarantors, if the 18 notes aggregating $3,000 had been paid promptly at maturity, and would not have demanded payment of the $2,000 note, but the said notes were not paid promptly at maturity."

The trial court's conclusions of law follow:

"I find that the plaintiff herein, in presenting the first of the series of notes to the defendant at Gorman, Tex., and in permitting said monthly installments to be paid after they became due, there being no evidence of the time of their presentment, waived its right to declare the note in issue herein, due without prior notice, to the defendants, and that said acts were reasonably calculated to induce and did induce the defendants to believe that said option had been waived, and that the same was waived by plaintiff."

"I conclude that there is no liability on the part of the defendants on the $2,000 note sued on herein, and judgment is therefore rendered for all the defendants."

[1, 2] The first, second, and fifteenth assignments of error urged by appellant complain of the admission of testimony which appellant insists was irrelevant and immaterial. We do not think the testimony set out was subject to these objections, but, even so, the trial was before the court without a jury, and no harm is shown to have resulted from the supposed errors. The testimony embraced in the fifteenth assignment was objected to upon the further ground that it was

not offered until three days after the parties had partially closed the case. The admission or rejection of testimony offered under such circumstances was a matter largely in the discretion of the court, and we do not think it is shown that this discretion was abused in this instance. These assignments are accordingly overruled.

The fourth assignment of error is overruled because too general for consideration, and the sixth because it merely questions a finding of fact which is in our opinion supported by the evidence.

[3, 4] The fourteenth assignment of error is overruled. By that assignment the appellant complains that the judgment is erroneous because the stipulation in the note sued on to the effect that, if the first 18 notes should be paid promptly at maturity, the note sued on would be surrendered without payment, was not signed by appellant, and because the stipulation was without consideration. The first objection is frivolous and obviously untenable. The second objection, that the stipulation was without consideration passing to the payee, involves a question of fact. The execution of the 19 notes was in settlement of the balance due on an old debt, and a security debt at that, and was the result of negotiations, and evidently of a compromise agreement reached between the parties. The circumstances were such as to create an issue as to the presence of a consideration for the stipulation embraced in the nineteenth note, and the affirmative as well as implied findings of the court seem to us to be sufficient to show a consideration for that stipulation. Moreover, the law imports a consideration, and there is nothing in the evidence to destroy this presumption. We think the whole setting of the transaction resolves the issue of consideration against appellant, requiring us to overrule the fourteenth assignment. For the same reasons the third assignment of error will be overruled.

[5, 6] Appellant devotes much of its brief to the contention that the change in the ownership of the business of H. T. Hamrick & Co., happening at the time it did, gave appellant the right to enforce the payment of that note. We do not agree to this. The insertion of this stipulation in the note was obviously for the purpose of preserving the business in the hands of the makers until the main obligation, embraced in the 18 smaller notes, was liquidated as provided for therein. Suppose, for instance, the makers had promptly at maturity paid each of the first 18 notes, but on the day the last of them was paid had sold their business and a change in the ownership thereof had thereby occurred. Would this circumstance have warranted appellant in demanding payment of the $2,000 note? It is inconceivable that any one would so contend. And yet, when analyzed, that is the effect of appellant's contention in this case. If, as found by the trial court, appellant by its course of conduct, waived its right to declare all the notes due when and because the mishap occurred to the July 1 note, then, in our opinion, appellant was estopped from demanding payment of the $2,000 note unless and until appellees should again default in the prompt payment of one or more of the series of 18 small notes. The agreement of the parties (which resulted in the execution of the notes) contemplated, and the nineteenth note expressly provided, that the latter was to be paid only in the event of default in the prompt payment of one or more of the small notes, and, if appellant by its course waived the prompt payment of the first 8 notes and thereby induced the default in the prompt payment of the ninth, it was estopped from penalizing appellees and requiring them to pay the nineteenth note merely because the ownership of appellees' business was at that juncture transferred to others. If appellees, following the attempt of appellant to mature all the notes, had defaulted in the payment of the tenth note, then the latter's option to mature all would have been revived and available, because of the default and because of the transfer of appellees' business, whereby the latter's assets were reduced. But, instead of again defaulting, appellees, before either of the remaining small notes became due, paid all of them, and the one contingency in which the nineteenth note could become an absolute obligation was thereby avoided. For these reasons we hold that, if it is true that appellant waived its right to mature the unpaid small notes, then its option to mature the nineteenth note, because of the sale of appellees' business, never ripened.

This brings us finally to the question of whether appellant waived its right to accelerate the maturity of the notes remaining unpaid on July 23. The determination of the question has not been without its difficulties. Ordinarily the question of whether or not an obligee has waived his right to forfeit an advantage of this nature is one of fact for the court or jury, as the case may be, and there appears to be nothing in this case to take it out of the rule. We have set out all the facts which appear to us to be material to this inquiry. We believe these facts sufficient to raise the issue, which the court has resolved against appellant, and we think properly so. This conclusion disposes of the matters raised in the assignments not heretofore specifically mentioned, and we accordingly overrule them.

The judgment is affirmed.